UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL,<br>Plaintiff | : | CA 05 239S |
| v. | : | C.A. No. 05- |
| HEALTHCARE VALUE MANAGEMENT INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND,<br>Defendant | : | |

**COMPLAINT**

Plaintiffs, Lifespan Physicians Professional Service Organization ("PSO") and The Miriam Hospital by and through its attorneys, alleges in its Complaint against Defendants, Healthcare VALUE Management, Inc. ("HCVM") and Iron Workers District Council of New England Welfare Fund ("Iron Workers Fund") as follows:

**NATURE OF THE ACTION**

1. This action is brought to recover the costs of healthcare services provided to an Iron Workers member for which Defendants unjustly refuse to pay Plaintiffs for the services rendered.

**PARTIES**

2. Plaintiff, PSO is a professional services organization whose members provide healthcare services to patients and which negotiates contracts on behalf of hospitals with different entities for the provision of such healthcare services. The PSO is organized under the

laws of the State of Rhode Island with a principal place of business at 167 Point Street, Providence, Rhode Island.

3. Plaintiff, The Miriam Hospital is a healthcare provider organized under the laws of the State of Rhode Island with a principal place of business at 164 Summit Avenue, Providence, Rhode Island.

4. Upon information and belief, Defendant, HCVM is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Norwood, Massachusetts.

5. Upon information and belief, Defendant, Iron Workers Fund is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Dorchester, Massachusetts.

6. Upon information and belief, HCVM entered into a contractual relationship with Iron Workers Fund wherein Iron Workers Fund agreed to compensate The Miriam Hospital for services provided to its members in accordance with terms and conditions of an Agreement entered into between HCVM and PSO on behalf of The Miriam Hospital.

7. Pursuant to the Agreement between the PSO, on behalf of The Miriam Hospital, and HCVM, on behalf of Iron Workers Fund, the Defendants are responsible for the payment of services provided to the Defendant's Member, John Doe.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over HCVM as it purposefully availed itself of the privilege of conducting business in Rhode Island. Defendant HCVM entered into a Reimbursement Agreement with the PSO on behalf of Emma Pendleton Bradley Hospital, Newport Hospital, Rhode Island Hospital, and The Miriam Hospital for payment of medical services provided to HCVM members.

10. This Court has personal jurisdiction over Iron Workers Fund as pursuant to its agreement with HCVM, it agreed to compensate the Hospitals providing services to its members, including The Miriam Hospital, pursuant to the Reimbursement Agreement. In addition, one of its members received medical services at The Miriam Hospital for which it has not been reimbursed.

11. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. Specifically, the reimbursement was entered into this judicial district and The Miriam Hospital provided the medical services at issue in this judicial district.

**FACTS**

12. On or about November 13, 2003, John Doe, a participant in the Iron Workers Fund, presented himself for emergency treatment at The Miriam Hospital in Providence, Rhode Island.

13. Due to John Doe's condition, the treating physician at The Miriam Hospital rendered particular treatment to Mr. Doe's condition, which included ordering certain medication and blood products.

14. The patient remained in The Miriam Hospital from November 13, 2003 through discharge on November 27, 2003 and received treatment throughout his entire admission.

15. The claim of The Miriam Hospital with respect to payment of John Doe's admission to The Miriam Hospital was initially approved for a three day stay on December 2, 2003. An approval of an additional fourteen day stay was provided by the utilization review department of HCVM on December 29, 2003.

16. The PSO forwarded the claim for reimbursement for services rendered to John Doe to the Iron Workers Fund's in-house claims administrator Iron Clad on December 12, 2003. The amount of the claim totaled $598,057.80. (Please see attached Exhibit A).

17. Defendant, HCVM requested an itemized bill of the claim on January 19, 2004, which was provided by Plaintiff, PSO, to the Defendant, HCVM on January 20, 2004.

18. Plaintiff, PSO contacted HCVM on February 23, 2004, March 5, 2004, March 12, 2004, and March 18, 2004 to request payment of the claim.

19. On April 8, 2004, the PSO forwarded correspondence to Defendant, HCVM again requesting payment of the claim.

20. Thereafter, defendant, Iron Workers Fund paid $236,513.20 toward the claim. The patient was responsible to pay $900.64 toward the claim.

21. Pursuant to the Agreement in effect between the PSO, on behalf of The Miriam Hospital, and HCVM on behalf of Iron Workers Fund, The Miriam Hospital is to receive payment of 79.88% of all charges for services rendered to HCVM members. Accordingly, Defendants are responsible for the balance of the claim totaling $240,571.73, not including costs, attorney's fees and interest.

22. On several occasions, the PSO has written to the Defendants to demand payment for the balance of fees owed to The Miriam Hospital for the medical services provided to Mr.

Doe. Defendants have refused to make any further payment to the PSO on behalf of The Miriam Hospital.

**COUNT I**
**BREACH OF CONTRACT**
**(HCVM AND IRON WORKERS FUND)**

23. Plaintiffs repeat and make a part hereof each and every allegation set forth in Paragraphs 1-22 of this Complaint.

24. On or about June 1, 1998 by their actions and deeds, the PSO and HCVM entered into a contract ("Reimbursement Agreement"), on behalf of The Miriam Hospital and HCVM members, including Iron Workers Fund, the terms of which included that The Miriam Hospital would provide necessary medical services to John Doe in exchange for the Iron Workers Fund paying for such services.

25. The Miriam Hospital and the PSO have fulfilled their obligations under the contract with HCVM and Iron Workers Fund by providing all necessary medical services to John Doe.

26. The Defendants have breached the Agreement with the PSO and The Miriam Hospital by refusing to pay for the medical services provided to Mr. Doe.

WHEREFORE, Plaintiffs demand full judgment against Defendants on Count I granting damages together with attorney's fees, interest, costs and such other and further relief as this Court shall deem just and proper.

**COUNT II**
**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**
**(HCVM AND IRON WORKERS FUND)**

27. Plaintiffs repeat and make a part hereof each and every allegation set forth in Paragraphs 1-26 of this Complaint.

28. By virtue of the Reimbursement Agreement, HCVM and Iron Workers Fund had a duty of good faith and fair dealing toward the PSO and The Miriam Hospital.

29. By their actions described above, HCVM and the Iron Workers Fund have breached their duty of good faith and fair dealing toward The Miriam Hospital and the PSO.

30. As a result of HCVM and Iron Workers Fund's breach of their duty of good faith and fair dealing, the PSO and The Miriam Hospital have been damaged.

WHEREFORE, PSO and The Miriam Hospital demand final judgment against HCVM and Iron Workers Fund on Count II granting damages together with attorney's fees, interest, costs and such further relief as this Court shall deem just and proper.

## COUNT III
## QUANTUM MERUIT
## (HCVM AND IRON WORKERS FUND)

31. The PSO and The Miriam Hospital repeat and make a part hereof each and every allegation set forth in Paragraphs 1-30 of this Complaint.

32. The Miriam Hospital, with HCVM's approval, provided medical services to Iron Workers Fund and HCVM member John Doe.

33. The fair and reasonable value of the medical services The Miriam Hospital provided to Mr. Doe is $598,057.80.

34. Pursuant to the Reimbursement Agreement between the parties, Defendants are obligated to pay 79.88% of the total charges for the medical services provided to Mr. Doe.

35. To date, Defendants have paid The Miriam Hospital only $236,513.20 for the medical services that The Miriam Hospital provided to Mr. Doe.

36. HCVM and Iron Workers Fund have benefited from the medical services The Miriam Hospital provided to Mr. Doe, but has refused to pay the fair and reasonable value of such services.

37. HCVM and Iron Workers Fund is obligated to pay The Miriam Hospital the fair and reasonable value of such services.

WHEREFORE, the PSO and The Miriam Hospital demand final judgment against Defendants on Count III granting damages, together with attorney's fees, interest, costs and other such relief as this Court shall deem just and proper.

**COUNT IV UNJUST ENRICHMENT**

38. The PSO and The Miriam Hospital repeat and make a part hereof each and every allegation set forth in Paragraphs 1-37 of this Complaint.

39. HCVM and Iron Workers Fund have benefited from their wrongful refusal to pay for the medical services The Miriam Hospital provided to John Doe.

40. HCVM and Iron Workers Fund's failure to compensate PSO and The Miriam Hospital for the fair value of the medical services The Miriam Hospital provided to Mr. Doe has damaged PSO and The Miriam Hospital.

WHEREFORE, Plaintiff, PSO and The Miriam Hospital demand final judgment against Defendants on Count IV granting damages, together with attorney's fees, interest, costs and other such and further relief as this Court shall deem just and proper.

**COUNT V**
**BOOK ACCOUNT**

41. Plaintiffs repeat and make a part hereof each and every allegation set forth in Paragraphs 1-40 of this Complaint.

42. The PSO and HCVM entered into a contract whereby The Miriam Hospital would provide medical services to John Doe for which Iron Workers Fund would pay.

43. The Miriam Hospital and PSO, in good faith, complied with their obligations under the contract.

44. HCVM and The Iron Workers Fund breached the contract by failing to make the required payments.

45. As a result of the breach, PSO and The Miriam Hospital have been damaged.

46. The PSO and The Miriam Hospital's books and records show that the amount due and owing by HCVM and Iron Workers Fund totals $240,571.73 exclusive of interest, costs and attorney's fees.

WHEREFORE, the PSO and The Miriam Hospital demand final judgment against HCVM and Iron Workers Fund on Count V granting damages, together with attorney's fees, interest, costs and other further relief as this Court shall deem just and proper.

**COUNT VI**
**ATTORNEYS' FEES**

47. The PSO and The Miriam Hospital repeat and make a part hereof each and every allegation set forth in Paragraphs 1-48 of this Complaint.

48. HCVM and Iron Workers Fund are obligated to pay the aforementioned account and have no defense for failing to pay the obligation.

49. Therefore, Plaintiffs are statutorily entitled to attorney's fees pursuant to R.I.G.L. § 9-1-45.

WHEREFORE, the Plaintiffs demand final judgment against HCVM and Iron Workers Fund on Count VI granting damages, together with attorney's fees, interest, costs and other further relief as this Court shall deem just and proper.

Lifespan Physicians Professional Service
Organization and The Miriam Hospital
By their Attorneys,

Linn F. Freedman, Esq. (#4778)
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: 401-454-1108
Facsimile: 866-807-6614

Dated: May 31, 2005

CONFIDENTIAL

THE MIRIAM HOSPITAL
P O BOX 1202
PROVIDENCE RI 02903
4C14446966

52972890

111

(A)

0000

050258905 | 111303 | 112703 | 014

02121937 | M | M | 111303 | 10 | 1 | 7 | 10 | 06 | 000000884218

11 | 111303 | 18 | 020102

a 01 | 795 00

| Code | Description | Rate | Units | Total Charges |
|---|---|---|---|---|
| 0120 | ROOM-ROARD/SEMI | 795.00 | 14 | 11130 00 |
| 0250 | PHARMACY | | 184 | 31787 00 |
| 0255 | DRUGS/INCIDENT RAD | | 1 | 399 00 |
| 0260 | IV THERAPY | | 4 | 736 00 |
| 0270 | MED-SUR SUPPLIES | | 3 | 222 00 |
| 0272 | STERILE SUPPLY | | 3 | 922 80 |
| 0300 | LAB | | 272 | 16138 00 |
| 0302 | LAB/IMMUNOLOGY | | 8 | 708 00 |
| 0320 | DX X-RAY | | 3 | 589 00 |
| 0352 | CT SCAN/BODY | | 6 | 10167 00 |
| 0359 | CT SCAN/OTHER | | 1 | 569 00 |
| 0360 | OR SERVICES | | 1 | 2884 00 |
| 0361 | OR/MINOR | | 2 | 786 00 |
| 0390 | BLOOD/STOR-PROC | | 4 | 1304 00 |
| 0450 | EMERG ROOM | | 1 | 996 00 |
| 0460 | PULMONARY FUNC | | 4 | 276 00 |
| 0390 | BLOOD/STOR-PROC | | 999 | 516720 00 |
| 0730 | EKG/ECG | | 1 | 70 00 |
| 0731 | HOLTER MONT | | 2 | 348 00 |
| 0940 | OTHER RX SVS | | 1 | 1306 00 |
| 001 | TOTAL CHARGES | | | 598057 80 |

| Payer | Provider No. | | |
|---|---|---|---|
| HEALTHCARE VALUE MGMT IP | 050258905 | Y | Y |
| MEDICARE PART A ONLY M12 | 410012 | Y | Y |

| | | |
|---|---|---|
| 18 | 038223121 | LOCAL 37 |
| 18 | 038223121A | MEDICARE |

| | | |
|---|---|---|
| 10085242 | 1 | LOCAL 37 |
| NONREQ | 5 | |
| | 9 | |

2860 | 486 | 5997 | 5990 | 5849 | 78829 | 591 | 2760 | 3051 | 5997 | 97

9 | 3893 | 112603 | 9904 | 111403 | 9906 | 111503

RI10773
ATKINSON JAMES M
NA
SOUNESS LUZVIMINDA P

HEALTHCARE VALUE MGM
100 RIVER RIDGE DRIV SVC = MGI
NORWOOD MA 02062

X CHRISTINE RAWNSLEY 120303