**UNITED STATES DISTRICT VOURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL** ***Plaintiffs*** | : | |
| **VS.** | : | **C.A. NO. 05-239S** |
| **HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND** ***Defendants*** | : | |

**ANSWER OF DEFENDANT**
**HEALTHCARE VALUE MANAGEMENT, INC.**

Now comes, Defendant Healthcare Value Management, Inc. (hereinafter "HCVM"), by and through its undersigned counsel, and responds to the correspondingly numbered paragraphs of Plaintiffs' Complaint as follows:

1. Admits that the action purports to recover the costs of healthcare services, and denies the remaining allegations contained in this paragraph.

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph pertaining to place of incorporation or its principal place of business, and admits the remaining allegations contained in this paragraph.

4. Admits the allegation contained in this paragraph.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

6. Admits that the parties entered into a contractual relationship, the terms of which speak for themselves, and denies the remaining allegations contained in this paragraph.

7. The terms of the contractual relationship speak for themselves, and therefore HCVM denies the allegations contained in this paragraph.

8. The allegations contained in this paragraph constitute a legal conclusion for which no response is necessary. To the extent a response is required, HCVM denies the allegations contained in this paragraph.

9. The allegations contained in this paragraph pertaining to personal jurisdiction constitute a legal conclusion for which no response is necessary. To the extent a response is required, HCVM denies the allegations contained in this paragraph. As to the remaining allegations, the same are denied.

10. The allegations contained in this paragraph pertaining to personal jurisdiction constitute a legal conclusion for which no response is necessary. To the extent a response is required, HCVM denies the allegations contained in this paragraph. As to the remaining allegations, the same are denied.

11. The allegations contained in this paragraph pertaining to venue constitute a legal conclusion for which no response is necessary. To the extent a response is required, HCVM denies the allegations contained in this paragraph.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

15. Denies the allegations contained in this paragraph.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

17. Denies the allegations contained in this paragraph.

18. Denies the allegations contained in this paragraph.

19. Denies the allegations contained in this paragraph.

20. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

21. The terms of the contractual relationship speak for themselves, and therefore HCVM denies the allegations contained in this paragraph.

22. Denies the allegations contained in this paragraph as it pertains to this Defendant.

23. HCVM incorporates by reference its responses to paragraph 1 through 22 of Plaintiffs' Complaint, as if fully set forth herein.

24. Admits that the parties entered into a contractual relationship, the terms of which speak for themselves, and denies the remaining allegations contained in this paragraph.

25. Denies the allegations contained in this paragraph.

26. Denies the allegations contained in this paragraph.

27. HCVM incorporates by reference its responses to paragraph 1 through 26 of Plaintiffs' Complaint, as if fully set forth herein.

28. The allegations contained in this paragraph constitute a legal conclusion for which no response is necessary. To the extent a response is required, HCVM denies the allegations contained in this paragraph.

29. Denies the allegations contained in this paragraph.

30. Denies the allegations contained in this paragraph.

31. HCVM incorporates by reference its responses to paragraph 1 through 30 of Plaintiffs' Complaint, as if fully set forth herein.

32. Denies the allegation that Miriam provided services "with HCVM's approval" or that such approval was required; lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

33. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

34. Denies the allegations contained in this paragraph.

35. Denies the allegations contained in this paragraph, and any obligation to pay Plaintiffs any money for medical services rendered.

36. Denies the allegations contained in this paragraph.

37. Denies the allegations contained in this paragraph.

38. HCVM incorporates by reference its responses to paragraph 1 through 37 of Plaintiffs' Complaint, as if fully set forth herein.

39. Denies the allegations contained in this paragraph.

40. Denies the allegations contained in this paragraph.

41. HCVM incorporates by reference its responses to paragraph 1 through 40 of Plaintiffs' Complaint, as if fully set forth herein.

42. Admits that the parties entered into a contractual relationship, the terms of which speak for themselves, and denies the remaining allegations contained in this paragraph.

43. Denies the allegations contained in this paragraph.

44. Denies the allegations contained in this paragraph.

45. Denies the allegations contained in this paragraph.

46. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

47. HCVM incorporates by reference its responses to paragraph 1 through 46 of Plaintiffs' Complaint, as if fully set forth herein.

48. Denies the allegations contained in this paragraph.

49. Denies the allegations contained in this paragraph.

First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

Plaintiffs' Complaint must be dismissed in that they have not sustained any damages as the result of HCVM's alleged conduct or actions.

Third Affirmative Defense

Plaintiffs' Complaint fails because there was a failure of consideration or lack of consideration supporting the alleged agreement that HCVM is obligated to reimburse the Plaintiffs for medical services provided.

Fourth Affirmative Defense

Plaintiffs' Complaint fails on the grounds that if Plaintiff suffered losses it was as the result of its own conduct or the conduct of its employees or agents over whom HCVM had no control.

Fifth Affirmative Defense

Plaintiffs are barred from any recovery on the grounds that if Plaintiff suffered losses it was as the result of conduct of third parties or someone for whose conduct HCVM was not and is not legally responsible.

Sixth Affirmative Defense

Plaintiffs' Complaint is barred because HCVM has at all times acted in good faith and has fulfilled any contractual and legal obligations it has to the Plaintiffs.

Seventh Affirmative Defense

Plaintiffs' Complaint is barred by the doctrine of justification.

Eighth Affirmative Defense

Plaintiffs failed to join indispensable parties to this lawsuit, and therefore their claim should be dismissed.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Defendant,
Healthcare Value Management, Inc.
By its Attorney,

Matthew T. Oliverio, Esquire (#3372)
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

**CERTIFICATION**

[illegible] *ANSWER* was mailed, postage prepaid