UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL | ) | |
| V. | ) | C.A. NO. 05-239S |
| HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND | ) | |

ANSWER OF DEFENDANTS, IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUNDS', TO THE PLAINTIFFS' COMPLAINT

Iron Workers District Council of New England Welfare Funds (hereinafter "Iron Workers") hereby responds to the Complaint filed by Lifespan Physicians Professional Service Organization and The Miriam Hospital as follows:

1. Denied.

2. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and leaves the Plaintiffs to their proof.

3. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and leaves the Plaintiffs to their proof.

4. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and leaves the Plaintiffs to their proof.

5. The Iron Workers Fund is a trust fund and not a corporation.

6. The allegations in Paragraph 8 state a legal conclusion as to which no answer is required. To the extent that a response is required, Iron Workers denies the allegations contained in this paragraph.

7. Denied.

8. Denied.

9. The allegations in Paragraph 11 state a legal conclusion as to which no answer is required. To the extent that a response is required, Iron Workers denies the allegations contained in this paragraph.

12. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and leaves the Plaintiffs to their proof.

13. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and leaves the Plaintiffs to their proof.

14. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and leaves the Plaintiffs to their proof.

15. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and leaves the Plaintiffs to their proof.

16. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and leaves the Plaintiffs

to their proof.

17. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and leaves the Plaintiffs to their proof.

18. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and leaves the Plaintiffs to their proof.

19. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and leaves the Plaintiffs to their proof.

20. Iron Workers admits that it paid $236,673.90 but it is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and leaves the Plaintiffs to their proof.

21. Denied.

22. Denied.

**COUNT I**
**BREACH OF CONTRACT**
**(HCVM AND IRON WORKERS FUND)**

23. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

24. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and leaves the Plaintiffs to their proof.

25. Denied.

26. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count One with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT II**
**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**
**(HCVM AND IRON WORKERS FUND)**

27. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

28. The allegations in Paragraph 28 state a legal conclusion as to which no answer is required. To the extent that a response is required, Iron Workers denies the allegations contained in this paragraph.

29. Denied.

30. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Two with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT III**
**QUANTUM MERUIT**
**(HCVM AND IRON WORKERS FUND)**

31. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

32. Denied.

33. Denied.

34. Denied.

35. Iron Workers admits that it paid $236,673.90 but it is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and leaves the Plaintiffs to their proof.

36. Denied.

37. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Three with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT IV**
**UNJUST ENRICHMENT**

38. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

39. Denied.

40. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Four with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT IV**
**BOOK ACCOUNT**

41. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

42. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and leaves the Plaintiffs to their proof.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Five with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT VI**
**ATTORNEYS' FEES**

47. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

48. Denied.

49. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Six with prejudice, enter judgment

in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Defendant Iron Workers aver that the Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. As its next defense, Defendant Iron Workers avers that the acts and omissions by Plaintiffs bar them from making any claim against the Defendant Iron Workers.

3. As its next defense, Defendant Iron Workers avers that the acts complained of in the Plaintiffs' Complaint were neither the cause in fact nor the legal cause of any legally cognizable harm, injury or damages alleged by the Plaintiffs in their Complaint.

4. As its next defense, Defendant Iron Workers avers that the Defendant Iron Workers was neither the cause in fact nor the legal cause of any legally cognizable harm, injury or damages alleged by the Plaintiffs in their Complaint.

5. As its next defense, Defendant Iron Workers avers that if Plaintiffs suffered any legally cognizable harm, injury or damages that the Defendant Iron Workers was not the proximate cause of any such alleged harm, injury or damages.

6. As its next defense, Defendant Iron Workers avers that the Plaintiffs failed to mitigate their damages to the extent they suffered any such damages.

7. As its next defense, Defendant Iron Workers avers that the Plaintiffs are estopped by their own acts from making any claim against the Defendant Iron Workers.

8. As its next defense, Defendant Iron Workers avers that the Plaintiffs are barred by their own acts, errors and omissions from making any claim against the Defendant Iron Workers.

9. As its next defense, Defendant Iron Workers avers that the Plaintiffs are barred by the doctrine of unclean hands from asserting any claim against the Defendant Iron Workers

10. As its next defense, Defendant Iron Workers avers that the Plaintiffs' claims are subject to pre-emption under the Employee Retirement Security Act of 1974, 29 U.S.C. §1144(a).

11. As its next defense, Defendant Iron Workers avers that there is no privity of contract between the Plaintiffs and the Defendant Iron Workers.

12. Defendant Iron Workers reserves the right to raise such other affirmative defenses as warranted by the further litigation of this action.

**JURY TRIAL DEMAND**

Demand is hereby made for trial by jury for all issues so triable. Michael J. Lepizzera, Jr. is designated as trial counsel for the Defendant Iron Workers.

Michael J. Lepizzera, Jr.

Defendant, Iron Workers District
Council of New England Welfare Funds
By its attorneys,

Michael J. Lepizzera, Jr., #4995

Christian C. Potter, #5359
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950

**CERTIFICATION**

I certify that on this 21st day of October 2005 a true and accurate copy of the within was mailed to:

Linn Foster Freedman, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, Rhode Island 02903

Matthew T. Oliverio, Esquire
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903