UNITED STATES DISTRICT COUT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL, *Plaintiffs* | : | |
| v. | : | C.A. No. 05-239S |
| HEALTHCARE VALUE MANAGEMENT INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND, *Defendants* | : | |

**DEFENDANT HEALTHCARE VALUE MANAGEMENT, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND CROSS-CLAIM**

Now comes Defendant Healthcare Value Management, Inc. (hereinafter, "HCVM") by and through its undersigned counsel, and responds to the correspondingly numbered paragraphs of Plaintiffs' First Amended Complaint as follows:

1. Admits that the action purports to recover the costs of healthcare services, and denies the remaining allegations contained in this paragraph.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph pertaining to the place of incorporation or its principal place of business, and admits the remaining allegations contained in this paragraph.

4. Defendant admits the allegation contained in this paragraph.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

6. Defendant admits that the parties entered into a contractual relationship, the terms of which speak for themselves, and denies the remaining allegations contained in this paragraph.

7. HCVM admits that it made Plaintiffs aware of the relationship HCVM had with Iron Workers pursuant to which Iron Workers could take advantage of the discounted healthcare services contracted for between HCVM and Plaintiffs. Defendant denies the remaining allegations contained in this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

9. The terms of the contractual relationship speak for themselves, and therefore HCVM denies the allegations contained in this paragraph.

10. The allegations contained in this paragraph constitute a legal conclusion for which no response is necessary. To the extent a response is required, HCVM denies the allegations contained in this paragraph.

11. The allegations contained in this paragraph pertaining to personal jurisdiction constitute a legal conclusion for which no response is necessary. To the extent a response is required, HCVM denies the allegations contained in this paragraph. As to the remaining allegations, the same are denied.

12. The allegations contained in this paragraph pertaining to personal jurisdiction constitute a legal conclusion for which no response is necessary. To the

extent a response is required, HCVM denies the allegations contained in this paragraph. As to the remaining allegations, the same are denied.

13. The allegations contained in this paragraph pertaining to venue constitute a legal conclusion for which no response is necessary. To the extent a response is required, HCVM denies the allegations contained in this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

17. Defendant denies the allegations contained in this paragraph.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

20. Defendant denies the allegations contained in this paragraph.

21. Defendant denies the allegations contained in this paragraph.

22. Defendant denies the allegations contained in this paragraph.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

24. The terms of the contractual relationship speak for themselves, and therefore HCVM denies the allegations contained in this paragraph.

25. Defendant denies the allegations contained in this paragraph as it pertains to this Defendant.

26. Defendant denies the allegations contained in this paragraph as it pertains to this Defendant.

**Count I**
**Breach of Contract**
**HCVM**

27. HCVM incorporates by reference its responses to paragraph 1 through 26 of Plaintiff's First Amended Complaint, as if fully set forth herein.

28. Defendant admits that the parties entered into a contractual relationship, the terms of which speak for themselves, and denies the remaining allegations contained in this paragraph.

29. Defendant admits that the parties entered into a contractual relationship, the terms of which speak for themselves, and denies the remaining allegations contained in this paragraph.

30. Defendant admits that the parties entered into a contractual relationship, the terms of which speak for themselves. Defendant admits that the list of member employers it provided to the Plaintiffs included Iron Workers as a member, and denies the remaining allegations of this paragraph.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

32. The terms of the contractual relationship speak for themselves, and therefore HCVM denies the allegations contained in this paragraph.

33. Defendant denies the allegations contained in his paragraph.

34. Defendant denies the allegations contained in this paragraph.

35. Defendant denies the allegations contained in this paragraph.

**COUNT II**
**BREACH OF CONTRACT**
**(IRON WORKERS FUND)**

36. HCVM incorporates by reference its responses to paragraphs 1 through 35 of Plaintiff's First Amended Complaint, as if fully set forth herein.

37. Defendant admits that the parties entered into a contractual relationship, the terms of which speak for themselves, and denies the remaining allegations contained in this paragraph.

38. Defendant admits the allegations contained in this paragraph.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

41. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

42. Defendant denies the allegations contained in this paragraph.

43. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

**COUNT III**
**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**
**(HCVM)**

44. HCVM incorporates by reference its responses to paragraphs 1 through 43 of the Plaintiff's First Amended Complaint.

45. The allegations contained in this paragraph constitute a legal conclusion for which no response is necessary. To the extent a response is required, HCVM denies the allegations contained in this paragraph.

46. Defendant denies the allegations contained in this paragraph.

47. Defendant denies the allegations contained in this paragraph.

**COUNT IV**
**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**
**(IRON WORKERS FUND)**

48. HCVM incorporates by reference its responses to paragraph 1 through 47 of Plaintiff's First Amended Complaint.

49. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

50. The allegations contained in this paragraph constitute a legal conclusion for which no response is necessary. In addition, this paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

51. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

52. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

53. The allegations contained in this paragraph constitute a legal conclusion for which no response is necessary. In addition, this paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

54. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

55. The allegations contained in this paragraph constitute a legal conclusion for which no response is necessary. In addition, this paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

56. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

## COUNT V
## UNJUST ENRICHMENT
## (HCVM AND IRON WORKERS)

57. HCVM incorporates by reference its responses to paragraph 1 through 56 of Plaintiff's First Amended Complaint.

58. Defendant HCVM denies the allegations contained in this paragraph as they relate to this defendant.

59. Defendant HCVM denies the allegations contained in this paragraph as they relate to this defendant.

**COUNT VI**
**BOOK ACCOUNT**

60. HCVM incorporates by reference its responses to paragraph 1 through 59 of Plaintiff's First Amended Complaint.

61. Defendant admits that the parties entered into a contractual relationship, the terms of which speak for themselves, and denies the remaining allegations contained in this paragraph.

62. Defendant denies the allegations contained in this paragraph.

63. Defendant denies the allegations contained in this paragraph.

64. Defendant denies the allegations contained in this paragraph.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

**COUNT VII**
**ATTORNEY'S FEES**

66. HCVM incorporates by reference its responses to paragraph 1 through 65 of Plaintiff's Complaint, as if fully set forth herein.

67. Defendant denies the allegations contained in this paragraph.

68. Defendant denies the allegations contained in this paragraph.

**COUNT VIII**
**NEGLIGENT MISREPRESENTATION**
**(HCVM)**

69. HCVM incorporates by reference its responses to paragraph 1 through 68 of Plaintiff's Complaint, as if fully set forth herein.

70. The terms of the contractual relationship speak for themselves, and therefore HCVM denies the allegations contained in this paragraph.

71. Defendant admits that it made Plaintiffs aware of a relationship that existed between HCVM and Iron Workers whereby Iron Workers could take advantage of the discounted rates that HCVM negotiated with Lifespan.

72. HCVM admits that there existed an agreement between HCVM and Iron Workers, and denies the remaining allegations contained in this paragraph.

73. HCVM admits that there existed an agreement between HCVM and Iron Workers, and denies the remaining allegations contained in this paragraph.

74. HCVM admits the allegations contained in this paragraph.

75. HCVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

76. HCVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

77. HCVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

78. Defendant denies the allegations contained in this paragraph.

79. Defendant denies the allegations contained in this paragraph.

80. Defendant denies the allegations contained in this paragraph.

81. Defendant denies the allegations contained in this paragraph.

82. Defendant denies the allegations contained in this paragraph.

83. Defendant denies the allegations contained in this paragraph.

84. Defendant denies the allegations contained in this paragraph.

**COUNT IX**
**NEGLIGENT MISREPRESENTATION**
**(IRON WORKERS)**

85. HCVM incorporates by reference its responses to paragraph 1 through 84 of Plaintiff's First Amended Complaint, as if fully set forth herein.

86. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

87. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

88. Defendant HCVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

89. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

90. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

91. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

92. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

93. Defendant HCVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

94. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

95. Defendant HCVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

**COUNT X**
**FRAUDULENT MISREPRESENTATION**
**(HCVM)**

96. HCVM incorporates by reference its responses to paragraph 1 through 95 of Plaintiffs' First Amended Complaint, as if fully set forth herein.

97. Defendant denies the allegations contained in this paragraph.

98. Defendant denies the allegations contained in this paragraph.

99. Defendant admits that a relationship existed between HCVM and Iron Workers whereby Iron Workers could take advantage of the discounted rates that HCVM negotiated with Lifespan to provide, and denies the remaining allegations contained in this paragraph.

100. Defendant admits that a relationship existed between HCVM and Iron Workers whereby Iron Workers could take advantage of the discounted rates that HCVM negotiated with Lifespan to provide, and denies the remaining allegations contained in this paragraph.

101. Defendant denies the allegations contained in this paragraph.

102. The allegations contained in this paragraph constitute legal conclusions that require no response. To the extent a response is required, HCVM denies the allegations contained in this paragraph.

103. HCVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

104. Defendant denies the allegations contained in this paragraph.

105. Defendant denies the allegations contained in this paragraph.

**COUNT XI**
**FRAUDULENT MISREPRESENTATION**
**(IRON WORKERS)**

106. HCVM incorporates by reference its responses to paragraph 1 through 105 of Plaintiffs' Complaint, as if fully set forth herein.

107. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

108. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

109. The allegations contained in this paragraph constitute a legal conclusion for which no response is necessary. To the extent a response is required, HCVM denies the allegations contained in this paragraph.

110. HCVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

111. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

112. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

113. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

114. This paragraph contains allegations that are not directed at HCVM therefore HCVM makes no response. To the extent a response from HCVM is required, HCVM denies the allegations contained in this paragraph.

115. HCVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore leaves Plaintiffs to their proof.

## First Affirmative Defense

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

Plaintiffs' First Amended Complaint must be dismissed in that they have not sustained any damages as the result of HCVM's alleged conduct or actions.

Third Affirmative Defense

Plaintiffs' First Amended Complaint fails because there was a failure of consideration or lack of consideration supporting the alleged agreement that HCVM is obligated to reimburse the Plaintiffs for medical services provided.

Fourth Affirmative Defense

Plaintiffs' First Amended Complaint fails on the grounds that if Plaintiffs suffered losses it was as the result of its own conduct or the conduct of its employees or agents over whom HCVM had no control.

Fifth Affirmative Defense

Plaintiffs are barred from any recovery on the grounds that if Plaintiff suffered losses it was as a result of conduct of third parties or someone for whose conduct HCVM was not and is not legally responsible.

Sixth Affirmative Defense

Plaintiffs' First Amended Complaint is barred because HCVM has at all times acted in good faith and has fulfilled any contractual and legal obligations it has to the Plaintiffs.

Seventh Affirmative Defense

Plaintiffs First Amended Complaint is barred by the doctrine of justification.

Eighth Affirmative Defense

Plaintiffs failed to join indispensable parties to this lawsuit, and therefore their claim should be dismissed.

Ninth Affirmative Defense

Plaintiffs' claims of fraud must be dismissed as failing to plead with particularity as required by Fed. R. Civ. P. 9(b).

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Defendant,
Healthcare Value Management, Inc.
By its Attorney,

Matthew T. Oliverio, Esq. #3372
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: March 31, 2006

## CROSS-CLAIM

Defendant and Cross-claim Plaintiff, Health Care Value Management, Inc. (hereinafter "HCVM"), through its undersigned attorney, brings this Cross-claim against Defendant Iron Workers District Council of New England Welfare Fund (hereinafter "Iron Workers") and states as follows:

### Parties and Jurisdiction

1. Cross-claim Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Norwood, Massachusetts.

2. Upon information and belief, Defendant, Iron Workers is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Dorchester, Massachusetts.

3. Jurisdiction for this cross-claim is based on 28 U.S.C. §1367 and Fed. R. Civ. P. 13(g). The claims asserted herein arise from the same nucleus of facts and circumstances and are part of the same case and controversy that form the basis of the original and First Amended Complaint of the Plaintiffs, Lifespan Physicians Professional Service Organization and the Miriam Hospital. HCVM and Iron Workers are defendants in that action.

### Facts

4. An enforceable agreement exists between HCVM and Iron Workers pursuant to which Iron Workers, its members and employees, could take advantage of the discounted healthcare services contracted for between HCVM and Lifespan Physicians' Professional Service Organization and other parties (the "Agreement").

5. The Agreement between HCVM and Iron Workers contemplated direct payment by Iron Workers to each healthcare provider for the discounted services and in no way called for any payments to be made by HCVM to healthcare providers utilized by Iron Workers.

**Count I**
**Contractual Indemnity and Contribution**

6. Cross-claim Plaintiff incorporates by reference paragraphs 1 through 5 of its Cross-claim as if fully set forth herein.

7. HCVM is being sued by Lifespan Physicians Professional Service Corporation and The Miriam Hospital (hereinafter, the "Plaintiffs") for breach of contract, unjust enrichment and other claims as more specifically pled in Plaintiffs' First Amended Complaint.

8. The Plaintiffs' claims are based on Iron Workers' failure to complete payment in full for services rendered to one of its employees.

9. Pursuant to the Agreement between HCVM and Iron Workers, Iron Workers agreed to indemnify and hold HCVM harmless from any and all liability, loss, claims, demands, expenses and attorney's fees caused by the negligent or intentional acts or omissions of Iron Workers.

10. HCVM has incurred costs in the defense of the Plaintiffs' suit.

11. In addition, without admitting to any allegation or conceding any fact asserted by the Plaintiffs, if HCVM is deemed liable to the Plaintiffs, HCVM will likely incur further and more substantial damages.

**Count II**
**Indemnity and Contribution at Common Law**

12. Cross-claim Plaintiff incorporates by reference paragraphs 1 through 11 of its Cross-claim as if fully set forth herein.

13. Without admitting to any allegation or conceding any fact asserted by the Plaintiffs, if HCVM is determined to be responsible in any way in this matter, then HCVM is entitled to complete indemnification and contribution at common law from Iron Workers.

WHEREFORE, Cross-claim Plaintiff requests the following relief from this Court:

1. Judgment in favor of HCVM;
2. An order that Iron Workers must indemnify HCVM for any and all judgments or verdicts rendered against HCVM in this matter;
3. An order that Iron Workers must contribute monies for any and all judgments or verdicts entered against HCVM in favor of Plaintiffs;
4. An order that Iron Workers must reimburse HCVM for all costs and attorney's fees assessed or incurred by HCVM pursuant to contract and under R.I. Gen. Laws §9-1-45.
5. Such other relief as this Court deems just, proper and equitable under the circumstances.

**CROSS-CLAIM PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Cross-claim Plaintiff,
Healthcare Value Management, Inc.
By its Attorney,

Matthew T. Oliverio, Esq. #3372
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: March 31, 2006

**CERTIFICATION**

I hereby certify that a true copy of the foregoing *DEFENDANT HEALTHCARE VALUE MANAGEMENT, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT and CROSS-CLAIM* was mailed, postage prepaid, to the following counsel of record on the 31st day of March, 2006:

| | |
|---|---|
| Christian C. Potter, Esquire<br>LEPIZZERA AND LAPROCINA<br>301 Metro Center Boulevard, #102<br>Warwick, RI 02886 | Linn Foster Freedman, Esquire<br>NIXON PEABODY, LLP<br>One Citizens Plaza<br>Providence, RI 02903 |