UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL, Plaintiffs | : | |
| v. | : | C.A. No. 05-239S |
| HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND, Defendants | : | |

**MOTION TO QUASH NOTICE OF INTENT TO TAKE DEPOSITION AND FOR A PROTECTIVE ORDER**

Plaintiffs, Lifespan Physicians Professional Service Organization and The Miriam Hospital ("Plaintiffs") hereby move to quash the Notice to Take Deposition of the Keeper of Records of The Miriam Hospital and Lifespan Physicians Professional Service Organization scheduled for April 7, 2006 for the reasons set forth in the Memorandum in Support of Motion to Quash Notice of Intent to Take Deposition. In addition, Plaintiffs seek a Protective Order with respect to the Notice to Take Deposition.

Plaintiffs,
LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION AND THE MIRIAM HOSPITAL

By their Attorney,

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

Date: April 6, 2006
P133292.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6TH day of April, 2006, I caused a true copy of the within Motion to Quash Notice to Take Deposition and for a Protective Order to be sent via first-class mail and facsimile to:

Matthew T. Oliverio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

Michael J. Lepizzera, Jr., Esq.
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, RI 02886

Meride Dooris

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL, Plaintiffs | : | |
| v. | : | C.A. No. 05-239S |
| HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND, Defendants | : | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH NOTICE OF INTENT TO TAKE DEPOSITION AND FOR A PROTECTIVE ORDER**

Plaintiffs, Lifespan Physicians Professional Service Organization and The Miriam Hospital ("Plaintiffs") hereby move to quash the Notice of Intent to Take Deposition of Plaintiffs scheduled for April 7, 2006 and further move for a Protective Order with respect to the information and documentation requested by Defendant in the Notice to Take Deposition.

This suit filed by the Plaintiffs seeks reimbursement by Iron Workers for services provided to its employee by The Miriam Hospital. Iron Workers has refused to pay for such services as outlined in a reimbursement agreement. The agreement sets forth the discounted percentage that Iron Workers agreed to pay The Miriam Hospital, and Iron Workers has refused to abide by the contract terms.

As can be seen by attached Exhibit "A", Defendant, Iron Workers District Council of New England Welfare Fund ("Iron Workers") seeks the confidential health care information of its member, John Doe, related to the medical services provided to the Iron Workers member by The Miriam Hospital.

John Doe is not a party to this action. Iron Workers is John Doe's employer and is attempting to obtain his confidential and protected health care information from The Miriam Hospital, specifically relating to medical services provided to him by The Miriam Hospital in November of 2003.

The Miriam Hospital is precluded by state law from providing the medical records of John Doe to his employer for several reasons. The first is that the Defendant has not provided The Miriam Hospital with an authorization form signed by John Doe allowing the release of the confidential, protected healthcare information. In addition, Iron Workers has not provided notice to John Doe that it is seeking John Doe's medical records in this matter, nor has Iron Workers provided John Doe with twenty (20) days' notice[1] to object to the provision of his medical records to his employer. Such a requirement is outlined in the Confidentiality Health Care Communications and Information Act R.I.G.L. § 5-37.3-1 et. seq.

In addition, Iron Workers evidently is seeking the medical records of its member in an attempt to refuse to pay for the services provided to John Doe by <u>questioning</u> the medical services provided. This is contrary to the contract entered into between co-defendant HCVM and Iron Workers, which provided that Iron Workers members could utilize the services of The Miriam Hospital and were eligible for services at a discounted rate. In addition, the contract between HCVM and Iron Workers specifically provided that Iron Workers would pay The Miriam Hospital 79.88% of the charges rendered for such services. The contract terms were negotiated by Plaintiffs and HCVM for the benefit of Iron Workers members. There is nothing in the contract or in case law that allows an employer to obtain an employee's confidential

[1] See R.I.G.L. § 5-37.3-6.1.

protected health care information in order to determine whether or not it is going to abide by a reimbursement contract.

Pursuant to the contract between The Miriam Hospital and HCVM, The Miriam Hospital provided an itemized bill to HCVM[2], which processed the charges and forwarded it to Iron Workers for payment. This is standard procedure. Iron Workers is now attempting to review and analyze the confidential medical records because it does not want to pay the amount due to The Miriam Hospital that it agreed to pay in the contract. Evidently, Iron Workers seeks to substitute its judgment for that of the treating physician's judgment. This is inappropriate as the contract does not give Iron Workers the right to question the medical judgment of the treating physician after the fact. This is particularly true because Iron Workers authorized the admission of John Doe into The Miriam Hospital for treatment. Iron Workers is now trying to play Monday morning quarterback to attempt to question the treatment and try to reduce the amount owed. This tactic is contrary to the contract and the law and should not be allowed.

Finally, from a public policy perspective, it is disconcerting that an employer is seeking medical records of an employee for use during its own litigation. There is a reason why the Health Care Confidentiality statute required patient authorization and notification that a third party is seeking production of one's medical records. The reason is that medical records and health care information are highly confidential and could potentially be utilized by an employer to the detriment of an employee. In addition to all of the reasons set forth above, this reason should be taken into consideration by the Court as well.

For the foregoing reasons, Plaintiffs, The Miriam Hospital and Lifespan Physicians Professional Service Organization hereby request that this Honorable Court grant its Motion and

[2] The itemized bill is also a part of the Complaint and is attached thereto.

quash the Notice of Intent to Take Deposition requesting medical records of John Doe and grant a Protective Order to the Plaintiffs precluding Plaintiffs from providing such confidential information to the Defendant.

Plaintiffs,
LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION AND THE MIRIAM HOSPITAL

By their Attorney,

Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

Date: April 6, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2006, I caused a true copy of the within Memorandum in Support of Motion to Quash Notice to Take Deposition and for a Protective Order to be sent via first-class mail and facsimile to:

Matthew T. Oliverio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

Michael J. Lepizzera, Jr., Esq.
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, RI 02886

Meride Doaris

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL | ) | |
| V. | ) | C.A. NO. 05-239S |
| HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND | ) | |

**NOTICE OF INTENT TO TAKE DEPOSITION**

TO: Linn Foster Freedman, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Matthew T. Oliverio, Esq.
Oliverio & Marcaaccio
55 Dorrance Street, Suite 400
Providence, RI 02903

Court Reporter
Vivian Dafoulus
50 Fieldstone Drive
East Greenwich, RI 02818

Please take notice that pursuant to *Fed. R. Civ. P. 30,* the **defendant, Iron Workers District Council of New England Welfare Fund**, will take the deposition of the **Keeper of Records, the Miriam Hospital and Life Span Physicians Professional Service Organization**, on oral examination before a Notary Public of the State of Rhode Island, which examination will continue from day to day until completed, the same to commence on **Friday, April 7, 2006 , at 11:00 a.m.** at the law office of Lepizzera & Laprocina, 301 Metro Center Boulevard, Suite 102, Warwick, Rhode Island, 02886 at which time and place you are notified to appear and take such part in the examination as you may be advised and as shall be fit and proper.

The deponent, **Keeper of Records, the Miriam Hospital and Life Span Physicians Professional Service Organization,** is commanded to produce and permit the inspection and copying of the following list of documents attached hereto as "Exhibit A" at the place, date, and time specified above.

Michael J. Lepizzera, Jr., #4995
Lepizzera & Laprocina
1140 Reservoir Avenue, 1B
Cranston, Rhode Island 02920
(401) 943-6060
(401) 943-6003 FAX

**CERTIFICATION**

I hereby certify that on March 27, 2006, I mailed a copy of the within notice to above-named attorneys and court reporter.

______________________

**EXHIBIT "A"**

TO: Plaintiffs:
The Miriam Hospital
Lifespan Physicians Professional Service Organization

1. Any and all original documents evidencing the medical services provided by the plaintiffs to John Doe from November 2003 to the present.

2. Any and all original documents evidencing any drugs that were administered by the plaintiffs to John Doe from November 2003 to the present.

3. The original blood bank records showing each substance administered to John Doe with its dosages on each respective day from November 2003 to the present.