UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL | ) | |
| V. | ) | C.A. NO. 05-239S |
| HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND | ) | |

**ANSWER AND COUNTERCLAIM OF DEFENDANT, IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND, TO THE PLAINTIFFS' FIRST AMENDED COMPLAINT**

Now comes the defendant, Iron Workers District Council of New England Welfare Funds (hereinafter "Iron Workers"), and hereby responds to the Amended Complaint filed by Lifespan Physicians Professional Service Organization and The Miriam Hospital as follows:

1. Denied.

2. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and leaves the Plaintiffs to their proof.

3. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and leaves the Plaintiffs to their proof.

4. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and leaves the Plaintiffs to their proof.

5. The Iron Workers Fund is a trust fund and not a corporation.

6. Denied.

7. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and leaves the Plaintiffs to their proof.

8 Iron Workers admits that Miriam provided services to John Doe, a member of Iron Workers but disputes the extent of the services provided and disputes the costs associated with said disputed services.

9. Denied.

10. Denied

11. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and leaves the Plaintiffs to their proof.

12. Denied.

13. Denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and leaves the Plaintiffs

to their proof.

20. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and leaves the Plaintiffs to their proof.

21. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and leaves the Plaintiffs to their proof.

22. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and leaves the Plaintiffs to their proof.

23. Iron Workers admits that it paid $236,673.90 but it is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and leaves the Plaintiffs to their proof.

24. Denied.

25. Denied.

26. Iron Workers are responsible to pay Miriam no more than the reasonable and customary costs for the services provided to John Doe.

**COUNT I**
**BREACH OF CONTRACT**
**(HCVM)**

27. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

28. Iron Workers denies that HCVM had any authority to enter into any contract with Miriam or PSO on behalf of the Iron Workers but it is without knowledge and

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 and leaves the Plaintiffs to their proof.

29. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and leaves the Plaintiffs to their proof.

30. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and leaves the Plaintiffs to their proof.

31. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and leaves the Plaintiffs to their proof.

32. Denied.

33. Denied.

34. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and leaves the Plaintiffs to their proof.

35. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and leaves the Plaintiffs to their proof.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count One with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT II**
**BREACH OF CONTRACT**
**(IRON WORKERS FUND)**

36. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

37. Denied.

38. Denied.

39. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and leaves the Plaintiffs to their proof.

40. Iron Workers admits that Ullicare authorized John Doe's inpatient admission to Miriam, but denies the remaining allegations contained in paragraph 40.

41. Denied.

42. Denied.

43. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Two with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT III**
**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**
**(HCVM)**

44. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

45. The allegations in Paragraph 45 state a legal conclusion as to which no

answer is required. To the extent that a response is required, Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and leaves the Plaintiffs to their proof.

46. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and leaves the Plaintiffs to their proof.

47. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and leaves the Plaintiffs to their proof.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Three with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT IV**
**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**
**(IRON WORKERS FUND)**

48. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Four with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT V**
**UNJUST ENRICHMENT**

57. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

58. Denied.

59. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Five with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT VI**
**BOOK ACCOUNT**

60. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

61. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and leaves the Plaintiffs to their proof.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Six with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT VII**
**ATTORNEYS' FEES**

66. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

67. Denied.

68. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Seven with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT VIII**
**NEGLIGENT MISREPRESENTATION**
**(HCVM)**

69. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

70. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and leaves the Plaintiffs to their proof.

71. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 and leaves the Plaintiffs to their proof.

72. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 and leaves the Plaintiffs to their proof.

73. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and leaves the Plaintiffs to their proof.

74. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and leaves the Plaintiffs to their proof.

75. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and leaves the Plaintiffs to their proof.

76. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and leaves the Plaintiffs to their proof.

77. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 and leaves the Plaintiffs to their proof.

78. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and leaves the Plaintiffs

to their proof.

79. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and leaves the Plaintiffs to their proof.

80. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 and leaves the Plaintiffs to their proof.

81. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and leaves the Plaintiffs to their proof.

82. Denied.

83. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 and leaves the Plaintiffs to their proof.

84. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Eight with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT IX**
**NEGLIGENT MISREPRESENTATION**
**(IRONWORKERS)**

85. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. The Iron Workers paid the plaintiffs the amount of $240,571.73, but denies the remaining allegations in paragraph 90.

91. Denied.

92. Denied.

93. Denied

94. Denied.

95. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Nine with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT X**
**FRADULENT MISREPRESENTATION**
**(HCVM)**

96. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

97. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 and leaves the Plaintiffs to their proof.

98. Iron Workers are without knowledge and information sufficient to form a

belief as to the truth of the allegations contained in paragraph 98 and leaves the Plaintiffs to their proof.

99. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 and leaves the Plaintiffs to their proof.

100. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 and leaves the Plaintiffs to their proof.

101. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 and leaves the Plaintiffs to their proof.

102. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 and leaves the Plaintiffs to their proof.

103. Denied.

104. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 and leaves the Plaintiffs to their proof.

105. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Ten with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**COUNT XI**
**FRADULENT MISREPRESENTATION**
**(HCVM)**

106. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

107. Denied

108. Iron Workers admits that John Doe was a member of Iron Workers but denies the remaining allegations in paragraph 108.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Eleven with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**AFFIRMATIVE DEFENSES**

1. Defendant Iron Workers aver that the Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. As its next defense, Defendant Iron Workers avers that the acts and omissions by Plaintiffs bar them from making any claim against the Defendant Iron Workers.

3. As its next defense, Defendant Iron Workers avers that the acts complained of in the Plaintiffs' Complaint were neither the cause in fact nor the legal cause of any legally cognizable harm, injury or damages alleged by the Plaintiffs in their Complaint.

4. As its next defense, Defendant Iron Workers avers that the Defendant Iron Workers was neither the cause in fact nor the legal cause of any legally cognizable harm, injury or damages alleged by the Plaintiffs in their Complaint.

5. As its next defense, Defendant Iron Workers avers that if Plaintiffs suffered any legally cognizable harm, injury or damages that the Defendant Iron Workers was not the proximate cause of any such alleged harm, injury or damages.

6. As its next defense, Defendant Iron Workers avers that the Plaintiffs failed to mitigate their damages to the extent they suffered any such damages.

7. As its next defense, Defendant Iron Workers avers that the Plaintiffs are estopped by their own acts from making any claim against the Defendant Iron Workers.

8. As its next defense, Defendant Iron Workers avers that the Plaintiffs are barred by their own acts, errors and omissions from making any claim against the Defendant Iron Workers.

9. As its next defense, Defendant Iron Workers avers that the Plaintiffs are barred by the doctrine of unclean hands from asserting any claim against the Defendant Iron Workers

10. As its next defense, Defendant Iron Workers avers that the Plaintiffs' claims are subject to pre-emption under the Employee Retirement Security Act of 1974, 29 U.S.C. §1144(a).

11. As its next defense, Defendant Iron Workers avers that there is no privity of contract between the Plaintiffs and the Defendant Iron Workers.

12. As its next defense, Defendant Iron Workers avers the theory of quantum meruit.

13. As its next defense, Defendant Iron Workers avers that Plaintiff's claims of fraud must be dismissed as failing to plead with particularity as required by Fed. R. Civ. P. 9(b).

14. Defendant Iron Workers reserves the right to raise such other affirmative defenses as warranted by the further litigation of this action.

**JURY TRIAL DEMAND**

Demand is hereby made for trial by jury for all issues so triable. Michael J. Lepizzera, Jr. is designated as trial counsel for the Defendant Iron Workers.

Michael J. Lepizzera, Jr.

Defendant, Iron Workers District
Council of New England Welfare Funds
By its attorneys,

Michael J. Lepizzera, Jr., #4995
Christian C. Potter, #5359
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950

**CERTIFICATION**

I certify that on this 5th day of April, 2006 a true and accurate copy of the within was mailed to:

Linn Foster Freedman, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, Rhode Island 02903

Matthew T. Oliverio, Esquire
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

**COUNTERCLAIM OF IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND**

Defendant, Iron Workers District Council of New England Welfare Fund, through its undersigned attorneys, brings this Counterclaim against Plaintiffs, Lifespan Physicians Professional Service Organization and The Miriam Hospital and states as follows:

1. Counterclaim Plaintiff, Iron Workers District Council of New England (hereinafter "Iron Workers") is an ERISA trust fund organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Dorchester, Massachusetts.

2. As alleged in paragraph 2 of the amended complaint, counterclaim defendant, Lifespan Physicians Professional Service Organization (hereinafter "PSO"), is a professional service organization whose members provide healthcare services to patients and which negotiates contracts on behalf of hospitals with different entities for the provision of such healthcare services. The PSO is organized under the laws of the State of Rhode Island with a principal place of business at 167 Point Street, Providence, Rhode Island.

3. As alleged in paragraph 3 of the amended complaint, counterclaim defendant, The Miriam Hospital (hereinafter "Miriam"), is a healthcare provider organized under the laws of the State of Rhode Island with a principal place of business at 164 Summit Avenue, Providence, Rhode Island.

4. As alleged in paragraph 4 of the amended complaint, counterclaim defendant, Health Care Value Management (hereinafter "HCVM"), is a corporation organized and

existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Norwood, Massachusetts.

5. Iron Workers and HCVM did not have a contractual relationship wherein Iron Workers agreed to compensate Miriam for medical services provided to its members in accordance with terms and conditions of an Agreement entered into between HCVM and PSO on behalf of Miriam.

6. Iron Workers and PSO did not have a contractual relationship wherein Iron Workers agreed to compensate Miriam for medical services provided by Miriam.

7. As alleged in paragraph 14 of the amended complaint that on or about November 13, 2003, John Doe, a participant in the Iron Workers Fund, presented himself for emergency treatment at Miriam in Providence, Rhode Island.

8. Ullicare, Iron Worker's managed care vendor, approved the inpatient stay of John Doe. Ullicare did not make any representations to Miriam or any other party that Iron Workers would pay for the services pursuant to the alleged reimbursement agreement.

9. John Doe was discharged from Miriam on or about November 27, 2003.

10. Thereafter, Miriam initiated contact with Iron Workers by mailing an invoice for the medical services provided to John Doe (hereinafter the "Invoice") to HCVM.

11. HCVM forwarded the Invoice to Iron Clad, Iron Worker's in-house claims administrator.

12. The Invoice was in the amount of $598,057.80 and was not an itemized invoice. Rather, it was just a print out of the screen on John Doe's account.

13. Said Invoice can be separated into two categories, the charges for room, board and ancillary services which amounted to $37,163.10 and the charges for pharmacy and blood storage services which amounted to $411,380.25.

13. On or about March 1, 2004, Iron Clad made payment to Miriam in the amount of $36,279.43 for the room and board services, as well as ancillary services. This payment left a balance of $883.67 for the room, board and ancillary services.

14. On or about March 1, 2004, Iron Clad requested an itemized bill for the $411,380.25 for the pharmacy and blood storage services.

15. Sometime thereafter, Iron Clad received a package of documents from Miriam that did not include enough information to substantiate the pharmacy and blood storage services.

16. Once again, Iron Clad Director, Anne Fini, requested additional information including the medical records of John Doe to substantiate the invoice for the pharmacy and blood storage services. This request is a standard procedure in the industry.

17. In response to the request from Iron Clad, Judy Randall, a representative of the PSO, contacted Anne Fini and requested a partial payment of $200,000.00 to release the information requested by Iron Clad.

18. Iron Clad agreed to this request as a showing of good faith and forwarded to the PSO and Miriam the amount of $200,000.00.

19. Iron Clad received some medical records and an itemized invoice from Miriam. However, these documents were incomplete because they did not contain the number of units or quantitative amounts for the drug treatments provided to John Doe.

20. Susan Oakes, the Director of Iron Worker's third party medical review vendor, the department that was performing the audit of John Doe's Invoice, contacted Miriam and explained to them that they had not provided the agreed upon documentation.

21. On or about August 26, 2004, after numerous attempts to receive the agreed upon documents, Iron Worker's counsel wrote a letter to Judy Randall documenting that Iron Workers could not make any additional payments until the PSO or Miriam provided the agreed upon documents.

22. On or about October 12, 2004, Judy Randall responded to the letter sent on August 26, 2004 and did not send any of the agreed upon documents.

23. On or about November 24, 2004, Iron Worker's in-house counsel responded to the October 12, 2004 letter by stating that the Iron Workers Fund would not make any further payment unless and until the actual product name for Factor VIII and for Gammaguard, along with their respective NDC#'s and a complete blood bank record showing the substance administered with its dosages on each respective day were provided.

24. Almost three months later, Iron Workers received the agreed upon documentation. Said documentation demonstrated that Miriam had not charged the reasonable and customary charges for the pharmacy and blood storage services in the Invoice.

25. The $200,000.00 dollar payment by Iron Workers to Miriam and the PSO far exceeded the reasonable and customary charges for the pharmacy and blood product services provided to John Doe.

**COUNT I**
**(UNJUST ENRICHMENT/ QUANTUM MERUIT)**
**(Miriam and the PSO)**

26. Counterclaim plaintiff realleges and reincorporates by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

27. Miriam and the PSO have benefited from their failure to assess the reasonable and customary charges for the pharmacy and blood product services provided to John Doe.

28. As a result of Miriam and the PSO's failure to assess the reasonable and customary charges for the pharmacy and blood product service provided to John Doe, Iron Workers has overpaid for the medical services provided to John Doe.

WHEREFORE, Counterclaim Plaintiff, Iron Workers, demands final judgment against Miriam and the PSO for the amount that it overpaid, together with attorney's fees, interest, costs and other such and further relief as this Court shall deem just and proper.

**COUNT II**
**(BREACH OF IMPLIED CONTRACT IN FACT)**
**(Miriam and the PSO)**

29. Counterclaim plaintiff realleges and reincorporates by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

30. On or about November 13, 2004, by their actions and deeds, Iron Workers and Miriam and the PSO entered into an implied contract in fact, the terms of which included that Miriam would provide necessary medical services to John Doe in exchange for Iron Workers paying for the reasonable and customary costs for the medical services provided to John Doe.

31. After the medical services had been provided to John Doe, Miriam and the PSO sent Iron Workers an invoice for the medical services provided to John Doe. Said invoice was not based on the reasonable and customary charges incurred by Miriam and the PSO.

32. Miriam and the PSO breached the implied contract in fact by failing to base their invoice on the reasonable and customary charges for pharmacy and blood storage services provided to John Doe.

**WHEREFORE**, Counterclaim Plaintiff, Iron Workers, demands final judgment against Miriam and the PSO for the amount that it overpaid, together with attorney's fees, interest, costs and other such and further relief as this Court shall deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff prays that this Honorable Court grant the following relief:

1. A finding that Counterclaim Defendants Miriam and the PSO have been unjustly enriched at the expense of the Iron Workers.

2. An appropriate award of damages to compensate Counterclaim Plaintiff for its costs incurred as a result of Counterclaim Defendants Miriam and the PSO's wrongful acts identified herein.

3. A declaratory judgment that Counterclaim Plaintiff did not have a written contractual relationship with Counterclaim Defendants, Miriam and/or the PSO.

4. A declaratory judgment that Counterclaim Plaintiff did not have a written contractual relationship with Counterclaim Defendant HCVM.

5. Award Counterclaim Plaintiff its attorney's fees, costs and interest.

6. Such other and further relief as the law and this Honorable Court deems just and proper.

JURY TRIAL DEMAND

Demand is hereby made for trial by jury for all counts so triable. Michael J. Lepizzera, Jr. is designated as trial counsel for the Defendant Iron Workers.

Michael J. Lepizzera, Jr.

Defendant, Iron Workers District
Council of New England Welfare Funds
By its attorneys,

Michael J. Lepizzera, Jr., #4995
Christian C. Potter, #5359
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950

**CERTIFICATION**

I certify that on this 5th day of April, 2006 a true and accurate copy of the within was mailed to:

Linn Foster Freedman, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, Rhode Island 02903

Matthew T. Oliverio, Esquire
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903