UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL | ) | |
| V. | ) | C.A. NO. 05-239S |
| HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND | ) | |

ANSWER OF DEFENDANT, IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUNDS, TO THE DEFENDANT, HEALTHCARE VALUE MANAGEMENT'S, CROSS-CLAIM

Now comes Defendant, Iron Workers District Council of New England Welfare Funds (hereinafter "Iron Workers"), and hereby responds to the Cross-Claim filed by Healthcare Value Management as follows:

Parties and Jurisdiction

1. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and leaves the Cross-Claim Plaintiff to its proof.

2. The Iron Workers Fund is a trust fund and not a corporation.

3. The allegations in Paragraph 3 state a legal conclusion as to which no answer is required. To the extent that a response is required, Iron Workers denies the allegations contained in paragraph 3.

Facts

4. Denied.

5. Denied.

Count I
Contractual Indemnity and Contribution

6. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

7. Iron Workers are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and leaves the Cross-Claim Plaintiff to its proof.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count One with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

Count II
Indemnity and Contribution at Common Law

12. Iron Workers realleges and reincorporates by reference all responses, averments and defenses set forth in this Answer as if fully restated in this paragraph.

13. Denied.

**WHEREFORE,** the Defendant, Iron Workers District Council of New England Welfare Fund, respectfully requests that the Court dismiss Count Two with prejudice, enter judgment in favor of the Defendant and award Defendant its costs, reasonable attorney's fees and any and all other relief this Court deems just and appropriate.

**AFFIRMATIVE DEFENSES**

1. Defendant Iron Workers avers that the Cross-Claim filed by the Cross-Claim Plaintiff fails to state a claim upon which relief may be granted.

2. As its next defense, Defendant Iron Workers avers that the acts and omissions by Cross-Claim Plaintiff bar it from making any claim against the Defendant Iron Workers.

3. As its next defense, Defendant Iron Workers avers that the acts complained of in the Cross-Claim were neither the cause in fact nor the legal cause of any legally cognizable harm, injury or damages alleged by the Cross-Claim Plaintiff.

4. As its next defense, Defendant Iron Workers avers that the Defendant Iron Workers was neither the cause in fact nor the legal cause of any legally cognizable harm, injury or damages alleged by the Cross-Claim Plaintiff in its Cross-Claim.

5. As its next defense, Defendant Iron Workers avers that if Cross-Claim Plaintiff suffered any legally cognizable harm, injury or damages that the Defendant Iron Workers was not the proximate cause of any such alleged harm, injury or damages.

6. As its next defense, Defendant Iron Workers avers that the Cross-Claim Plaintiff failed to mitigate its damages to the extent it suffered any such damages.

7. As its next defense, Defendant Iron Workers avers that the Cross-Claim Plaintiff is estopped by its own acts from making any claim against the Defendant Iron Workers.

8. As its next defense, Defendant Iron Workers avers that the Cross-Claim Plaintiff is barred by its own acts, errors and omissions from making any claim against the Defendant Iron Workers.

9. As its next defense, Defendant Iron Workers avers that the Cross-Claim Plaintiff is barred by the doctrine of unclean hands from asserting any claim against the Defendant Iron Workers

10. As its next defense, Defendant Iron Workers avers that there is no privity of contract between the Cross-Claim Plaintiff and the Defendant Iron Workers.

11. As its next defense, Defendant Iron Workers avers the theory of quantum meruit.

12. Defendant Iron Workers reserves the right to raise such other affirmative defenses as warranted by the further litigation of this action.

**JURY TRIAL DEMAND**

Demand is hereby made for trial by jury for all issues so triable. Michael J. Lepizzera, Jr. is designated as trial counsel for the Defendant Iron Workers.

Michael J. Lepizzera, Jr.

Defendant, Iron Workers District
Council of New England Welfare Funds
By its attorneys,

Michael J. Lepizzera, Jr., #4995
Christian C. Potter, #5359
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950

**CERTIFICATION**

I certify that on this 13 day of April, 2006 a true and accurate copy of the within was mailed to:

Linn Foster Freedman, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, Rhode Island 02903

Matthew T. Oliverio, Esquire
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

______________________________