UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL )
)
)
V. ) C.A. NO. 05-239S
)
HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND )

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO QUASH NOTICE OF INTENT TO TAKE DEPOSITION AND MOTION FOR A PROTECTIVE ORDER**

Now comes the defendant, Iron Workers District Council of New England Welfare Fund (hereinafter "Iron Workers") and hereby objects to both the plaintiffs' motion to quash the notice of intent to take deposition and also the plaintiffs' motion for a protective order.[1] In support of said objections, the defendant submits the attached memorandum of law.

Defendant, Iron Workers District
Council of New England Welfare Funds
By its attorneys,

Michael J. Lepizzera, Jr., #4995
Christian C. Potter, #5359
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950

[1] Plaintiffs' filed both their motion to quash and also their motion for a protective order in one pleading.

**CERTIFICATION**

I certify that on this 14th day of April, 2006 a true and accurate copy of the within was mailed to:

Linn Foster Freedman, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, Rhode Island 02903

Matthew T. Oliverio, Esquire
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL | ) | |
| V. | ) | C.A. NO. 05-239S |
| HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND | ) | |

**DEFENDANT'S MEMORANDUM IS SUPPORT OF ITS OBJECTION TO PLAINTIFFS' MOTION TO QUASH NOTICE OF INTENT TO TAKE DEPOSITION AND MOTION FOR A PROTECTIVE ORDER**

Now comes the defendant, Iron Workers District Council of New England Welfare Fund (hereinafter "Iron Workers") and hereby objects to both the plaintiffs' motion to quash the notice of intent to take deposition and also the plaintiffs' motion for a protective order.[1]

The defendant had noticed a keeper of records deposition upon the plaintiffs to produce the medical records of John Doe.[2] The defendant had requested the following documents: (1) any and all documents evidencing the medical services provided by the plaintiffs to John Doe from November 2003 to the present; (2) any and all original documents evidencing any drugs that were administered by the plaintiffs to John Doe from November 2003 to the present; and (3) the original blood bank records showing each substance administered to John Doe with its dosages on each respective day from November 2003 to the present. The plaintiffs filed their motion to quash and motion for a protective order in response to the notice of deposition.

[1] Plaintiffs' filed both their motion to quash and also their motion for a protective order in one pleading.
[2] A copy of said deposition notice is attached hereto.

Within the plaintiffs' motion to quash and motion for a protective order, the plaintiffs have relied upon two theories. First, the plaintiffs have asserted that the medical records sought by the defendant are personal and confidential and they are "precluded by state law from providing the medical records of John Doe to his employer." Further, the plaintiffs stated that the defendant has not provided the plaintiffs with an authorization form signed by John Doe allowing the release of the confidential, protected healthcare information. This simply is not true.

On or about April 5, 2006, attorney for the defendant contacted the plaintiffs' attorney and left her a voice mail message that John Doe had executed a valid HIPAA-conforming medical release. On or about April 6, 2006, attorney for the defendant sent a letter with a copy of the valid HIPAA-conforming medical release by facsimile and regular mail.[3] The plaintiffs filed said objection on or about April 6, 2006. Notwithstanding the fact that the defendant attempted to contact the plaintiffs prior to the filing of this motion; the plaintiffs have been provided with a valid HIPAA-conforming medical release and they cannot continue to argue to this Court that John Doe has not given the defendant the right to review his medical records. The plaintiffs do not have the right to determine to whom John Doe gives permission to release his medical records to. Although the plaintiffs have possession of the medical records, they are the property of John Doe and he has given his permission, through a HIPAA-conforming release, to release them to the defendant.

In further support of this theory, the plaintiffs have also cited R.I.G.L. §5-37.3-6.1 to support their position that the defendant must follow certain guidelines before noticing the keeper of records deposition to review John Doe's medical records. R.I.G.L. §5-37.3-

[3] A Copy of the letter is attached hereto as well as a copy of the HIPAA-conforming release

6.1 is not relevant as John Doe has executed the HIPAA-conforming release to the defendant. Therefore, the plaintiffs must produce the records at the deposition.

The second theory that the plaintiffs argue is that the alleged contract between HCVM and Iron Workers bars the defendant from receiving John Doe's medical records. Once again, this simply is not true. The HIPAA-conforming release executed by John Doe dictates whether the medical records should be released, not the alleged contract that the plaintiffs would have the Court believe exists.[4]

Last, the plaintiffs have brought this complaint against the defendant Iron Workers for its alleged failure to pay for medical services that were provided to John Doe. These medical records fall within the purview of *Fed. R. Civ. P. 26(b)(1)*. *Rule 26(b)(1)* states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery..." Both parties have brought the issue of the medical records into question. Iron Workers has raised as a defense the validity of the medical services that were provided to John Doe and the validity of the costs for the medical services that were allegedly provided. The plaintiffs have brought a claim against Iron Workers based on the medical services that they allegedly provided to John Doe. The plaintiffs bear the burden of proof to present evidence that they provided medical services and blood products to John Doe. The medical records are the only evidence to substantiate the plaintiffs' claim. Without presenting the medical records, the plaintiffs cannot establish their case and meet their burden of proof in this matter.

---

[4] The defendant vehemently denies the existence of a contract between HCVM and Iron Workers. Although this is not the proper time to raise this issue, nor is it pertinent to this objection, the defendant would point out to the Court that plaintiffs have not been able to produce the contract that they continuously assert exists. Also, the defendant HCVM, the party that was allegedly privy to the contract with Iron Workers, also cannot produce a copy of an executed contract with Iron Workers.

Without the opportunity to review the medical records, Iron Workers will be denied its right to discover relevant evidence in direct contradiction to *Rule 26(b)(1)*.

Therefore, based on the foregoing, the defendant respectfully requests that the plaintiffs' motion to quash and motion for a protective order be denied and that the plaintiffs be ordered to produce the documents pursuant to the deposition notice served upon them.

Defendant, Iron Workers District
Council of New England Welfare Funds
By its attorneys,

Michael J. Lepizzera, Jr., #4995
Christian C. Potter, #5359
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950

**CERTIFICATION**

I certify that on this 14th day of April, 2006 a true and accurate copy of the within was mailed to:

Linn Foster Freedman, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, Rhode Island 02903

Matthew T. Oliverio, Esquire
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903