UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL, Plaintiffs | |
| v. | C.A. No. 05-239S |
| HEALTHCARE VALUE MANAGEMENT INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND, Defendants | |

**PLAINTIFFS' ANSWER TO IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND'S COUNTERCLAIM**

Now come Plaintiffs, Lifespan Physicians Professional Service Organization (hereinafter "PSO") and The Miriam Hospital (hereinafter "TMH") and hereby responds to the Counterclaim filed by Iron Workers District Council of New England Welfare Fund (hereinafter "Iron Workers") as follows:

1. Plaintiffs are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and leave Iron Workers to its proof.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied.

6. Denied.

7. Admitted.

8. Plaintiffs admit that Ullicare approved the inpatient stay of John Doe, and deny the remaining allegations set forth in Paragraph 8 of the Counterclaim.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied.

14. Admitted.

15. Plaintiffs admit that they provided documentation to Iron Workers but deny the remaining allegations set forth in Paragraph 15 of the Counterclaim.

16. Denied.

17. Denied.

18. Denied as written. Plaintiffs admit that Iron Clad forwarded payment in the amount of $200,000.00, but deny the remaining allegations set forth in Paragraph 18 of the Counterclaim.

19. Denied.

20. Denied.

21. Plaintiffs admit that Iron Workers' counsel forwarded a correspondence to Ms. Randall dated August 26, 2004, but deny the remaining allegations set forth in Paragraph 21 of the Counterclaim.

22. Plaintiffs admit that Judy Randall forwarded a correspondence dated October 12, 2004 to Iron Clad's counsel, but deny the remaining allegations set forth in Paragraph 22 of the Counterclaim.

23. Plaintiffs admit that Iron Workers' counsel forwarded a correspondence dated November 24, 2004 to PSO, but deny the remaining allegations set forth in Paragraph 23 of the Counterclaim.

24. Denied.

25. Denied.

**COUNT I**
**(UNJUST ENRICHMENT / QUANTUM MERUIT)**
**(MIRIAM AND THE PSO)**

26. Plaintiffs reallege and reincorporate by reference herein their answers to Paragraphs 1 through 25 of the Counterclaim.

27. Denied.

28. Denied.

WHEREFORE, Plaintiffs, PSO and TMH respectfully request that the Court dismiss Count I with prejudice, and award Plaintiffs costs, attorneys' fees and any and all other relief this Court deems just and proper.

**COUNT II**
**(BREACH OF IMPLIED CONTRACT IN FACT)**
**(MIRIAM AND THE PSO)**

29. Plaintiffs reallege and reincorporate by reference herein their answers to Paragraphs 1 through 28 of the Counterclaim.

30. Denied.

31. Denied.

32. Denied.

WHEREFORE, Plaintiffs respectfully request that the Court dismiss Count II with prejudice and award Plaintiffs costs, reasonable attorneys' fees and any and all other relief this Court deems just and proper.

Plaintiffs deny Iron Workers' Prayer for Relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Counterclaim Plaintiff is precluded by the fact that it breached the contract it had with HCVM and PSO and TMH.

**THIRD AFFIRMATIVE DEFENSE**

Counterclaim Plaintiff has breached its fiduciary duty to its member, John Doe.

**FOURTH AFFIRMATIVE DEFENSE**

Counterclaim Plaintiff's claims are barred by its own acts and omissions.

**FIFTH AFFIRMATIVE DEFENSE**

Counterclaim Plaintiff is barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Counterclaim Plaintiff is barred by the doctrine of equitable estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Counterclaim Plaintiff has been unjustly enriched.

**EIGHTH AFFIRMATIVE DEFENSE**

Counterclaim Plaintiff failed to mitigate its damages.

**NINTH AFFIRMATIVE DEFENSE**

The Counterclaim must be dismissed as Counterclaim Plaintiff has not sustained any damages as the result of Counterclaim Defendants' alleged acts or omissions.

**TENTH AFFIRMATIVE DEFENSE**

The Counterclaim fails because there was a failure of consideration or lack of consideration supporting the allegations.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Counterclaim is barred because Counterclaim Defendants have at all times acted in good faith and have fulfilled any obligations they had to Counterclaim Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

The Counterclaim is barred by the doctrine of waiver.

Counterclaim Defendants demand trial by jury on all counts so triable.

Lifespan Physicians Professional Service
Organization and The Miriam Hospital
By their Attorney,

Linn F. Freedman, Esq. (#4778)
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: 401-454-1108
Facsimile: 866-807-6614

Dated: April 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2006, I caused a true copy of the within Answer to Defendant's Counterclaim to be sent via first-class mail to:

Matthew T. Oliverio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

Michael J. Lepizzera, Jr., Esq.
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, RI 02886

Nicole Dooris