UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL,
Plaintiffs

v.  C.A. No. 05-239S

HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND,
Defendants

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT, IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND TO FURTHER ANSWER INTERROGATORIES**

Now come the Plaintiffs, Lifespan Physicians Professional Service Organization ("PSO") and The Miriam Hospital ("TMH"), and hereby request that the Court compel the Defendant, Iron Workers District Council of New England Welfare Fund ("Iron Workers") to provide further answers to Interrogatories 7, 8, 10, and 14 propounded by Plaintiffs to Iron Workers. In support of their Motion, Plaintiffs submit the attached Memorandum of Law in Support of Motion to Compel.

Respectfully submitted,

Plaintiffs,
LIFESPAN PHYSICIANS PROFESSIONAL
SERVICE ORGANIZATION AND
THE MIRIAM HOSPITAL

By their Attorney,

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

Date: May 9, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May, 2006, I caused a true copy of the within Stipulation to be sent via first-class mail to:

Matthew T. Oliverio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

Michael J. Lepizzera, Esq.
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, RI 02886

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL,
Plaintiffs

v. C.A. No. 05-239S

HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND,
Defendants

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT, IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND TO FURTHER ANSWER INTERROGATORIES**

Plaintiffs, Lifespan Physicians Professional Service Organization ("PSO") and The Miriam Hospital ("TMH"), hereby request that this honorable Court compel Defendant, Iron Workers District Council of New England Welfare Fund ("Iron Workers") to more fully answer the Interrogatories propounded to it by the Plaintiffs, specifically Interrogatories 7, 8, 10, and 14. In support of its Motion, Plaintiffs rely upon the following Memorandum of Law.

**The Facts**

The relationship between these parties commenced in 1998, when PSO, on behalf of Lifespan hospitals, including TMH, negotiated a Preferred Provider Agreement with HealthCare Value Management, Inc. ("HCVM") on behalf of Iron Workers. It is the Preferred Provider Agreement that is at issue in this matter. HCVM negotiated the contract with PSO for its members, including Iron Workers, to obtain a contract rate for the purpose of managing

healthcare costs. The contracted rate in this matter and pursuant to the contract between the PSO and HCVM is 79.88% of hospital charges.

Pursuant to the preferred provider contract, HCVM responsible to have a written contract in effect with the employer groups. Those contracts obligated the employer groups, including Iron Workers, to agree to the terms of the contract, including the contract payment terms, as well as agreeing to pay for services rendered to Iron Workers' members at Lifespan hospitals within 30 days of receipt of charges.

Iron Workers' members utilized the services of The Miriam Hospital from 1998 through 2006 and was listed as a member in all documents forwarded by HCVM to the PSO regarding eligibility for services at the discounted contract rate.

On November 13, 2003, John Doe, a participant in the Iron Workers' Fund, presented himself for emergency treatment at The Miriam Hospital. He was admitted and treated from November 13 through November 27 and received Factor VIII blood product ordered by his physician.

Pursuant to the contract, Iron Workers was to pay 79.88% of charges for services rendered to its member. This is outlined in the contract that was negotiated with the PSO on behalf of Iron Workers. Iron Workers has not paid for the services, necessitating this lawsuit.

Plaintiffs forwarded Interrogatories to Iron Workers. Iron Workers has not answered certain Interrogatories which are outlined below and Plaintiffs seek on Order from this Court compelling Iron Workers to answer the Interrogatories.

Interrogatory No. 7. State in detail the factual basis for the refusal to pay fully for services rendered to John Doe at TMH from November 13, 2003 to November 27, 2003 as set forth in the Complaint.

"**Answer:** The Defendant states that it had paid the Plaintiffs in full on the hospital charges of John Doe. The Iron Worker Fund paid in accordance with John Doe's plan of benefits which included the applicable deductibles. The Iron Workers Fund paid for each item either on the discounted amount or more than the usual and customary charge for such item.

Iron Workers has not provided a factual basis for the refusal to pay or the basis for its allegation that it has "paid the Plaintiff in full." In addition, it has not explained John Doe's plan of benefits for which the Iron Workers paid The Miriam Hospital and the basis for its statement that it paid "for each item on the discounted amount or more than the usual and customary charge for such item."

It is imperative that Plaintiffs obtain information from the Defendant with respect to its defense that it has paid for full and the factual basis for such contention. Accordingly, Plaintiffs request that the Court compel the Defendant to supplement answer to Interrogatory No. 7.

<u>Interrogatory No. 8</u>. Please state in detail any and all portions of the agreement between HealthCare Value Management, Inc. ("HCVM") and Iron Workers that you rely upon in refusing to pay fully for services rendered to John Doe at TMH from November 13, 2003 to November 27, 2003.

"**Answer:** The Iron Worker Fund states that it paid the Plaintiffs in full on the hospital charges for John Doe. There is no written contract between HCVM and the Iron Worker Fund."

Plaintiffs request an Order requiring an answer to the Interrogatory as Iron Workers has not indicated why it contends that it has paid the Plaintiffs in full on the hospital charges, when such is just not true. In addition, Iron Workers indicates that there is no written contract between HCVM and the Iron Workers Fund. However, there is such a contract, but neither party has been able to locate a signed contract. In addition, Iron Workers has been listed as a member of the

HCVM network since 1998 and has authorized the rendering of medical services to Iron Workers' members since 1998 and have paid for such services. Accordingly, Plaintiffs seek a supplemental answer to Interrogatory 8 for Iron Workers to explain its answer to Interrogatory as such is clearly contradictory to the facts and documents in the case.

Interrogatory No. 10. Describe in detail any and all agreements in effect between HCVM, Iron Workers and/or Iron Clad with respect to payment for services rendered to its members by PSO and/or TMH.

"**Answer:** There is no written contract between HCVM and the Iron Workers Fund. Hospital claims for participants in the Iron Workers' plan are mailed directly to HCVM. HCVM reprices the bill at the discounted rate. HCVM mails that claim with the discounted rate to Iron Clad. In return, the Iron Workers Fund pays a flat fee each month to HCVM based on the number of participants covered in the plan. Iron Clad processes the claim according to the members' plan of benefits. As part of the claims processing procedure, the repriced amount is only one element in determining payment amounts."

Prior to filing this Motion, counsel for the Plaintiffs requested that counsel for Iron Clad provide information with respect to Iron Clad's claims processing procedure as referenced and what other elements are considered in the payment of a negotiated contract price. In addition, counsel requested that counsel for Iron Workers explain how Iron Workers believes it has the right to determine an amount to be paid to the provider other than what is outlined in the Preferred Provider Agreement.

Counsel for Iron Clad has not provided such information and therefore, Plaintiffs request that Interrogatory No. 10 be answered.

Interrogatory No. 14. Please state in detail any and all reasons Iron Workers and/or Iron Clad refused to fully pay for services rendered to John Doe at TMH.

"**Answer:** The Defendant states that it had paid the Plaintiffs in full on the hospital charges for John Doe. The Iron Workers Fund paid in accordance with John Doe's plan of benefits which includes applicable deductibles. The Iron Workers Fund paid for each item either on the discount amount or more than the usual and customary charge for such item."

Again, Iron Workers has not answered the Interrogatory as it merely states that it has paid the Plaintiffs in full, but does not state the basis for that statement. In addition, it is Iron Workers' contention that it has paid in accordance with John Doe's plan of benefits, including deductibles, but have not explained the plan of benefits or the deductibles. Finally, Iron Workers states that it paid for each item either on the discounted amount or more than the usual and customary charge for such item, but have not provided any information with respect to the analysis of when an item would be paid on the discounted amount and when it would be paid on the usual and customary charge and how Iron Workers has the right to make that determination when it is subject to a negotiated contracted reimbursement agreement.

Accordingly, Plaintiffs request that this Court compel Iron Workers to supplement its Answer to Interrogatory No. 14.

Based upon the foregoing, Plaintiffs hereby request that this Court grant its Motion to Compel.

Respectfully submitted,

Plaintiffs,
LIFESPAN PHYSICIANS PROFESSIONAL
SERVICE ORGANIZATION AND
THE MIRIAM HOSPITAL

By their Attorney,

Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

Date: May 9, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May, 2006, I caused a true copy of the within Memorandum in Support of Motion to be sent via first-class mail to:

Matthew T. Oliverio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

Michael J. Lepizzera, Esq.
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, RI 02886

Merida Doaris