**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL** | ) | |
| | ) | |
| **V.** | ) | **C.A. NO. 05-239S** |
| | ) | |
| **HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND** | ) | |

**<u>DEFENDANT IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND'S OBJECTION TO PLAINTIFFS' MOTION TO COMPEL FURTHER ANSWER TO INTERROGATORIES</u>**

Now comes the defendant, Iron Workers District Council of New England Welfare Fund (hereinafter "Iron Workers"), and hereby objects to the Plaintiffs' Motion to Compel the Defendant, Iron Workers District Council of New England Welfare Fund to further answer interrogatories. In support of said objection, the defendant submits the attached memorandum of law.

Defendant, Iron Workers District
Council of New England Welfare Funds
By its attorneys,

Michael J. Lepizzera, Jr., #4995
Christian C. Potter, #5359
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950

**CERTIFICATION**

I certify that on this 23rd day of May, 2006 a true and accurate copy of the within was mailed to:

Linn Foster Freedman, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, Rhode Island 02903

Matthew T. Oliverio, Esquire
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

______________________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LIFESPAN PHYSICIANS PROFESSIONAL SERVICE ORGANIZATION and THE MIRIAM HOSPITAL** | ) | |
| | ) | |
| **V.** | ) | **C.A. NO. 05-239S** |
| | ) | |
| **HEALTHCARE VALUE MANAGEMENT, INC. and IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND WELFARE FUND** | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES**

Iron Workers District Council of New England Welfare Fund (hereinafter "Iron Workers"), hereby submits this Memorandum in Support of its objection to the Plaintiffs' Motion to Compel the Defendant, Iron Workers District Council of New England Welfare Fund to further answer interrogatories.

**FACTUAL BACKGROUND**

The defendant Iron Workers District Council of New England Welfare Fund ("the Iron Workers Fund") is a non-profit trust fund organized under the laws of the Commonwealth of Massachusetts. As an ERISA trust fund, it provides for the payment of medical benefits to its eligible participants.

This matter arises out of a participant in an Iron Workers Fund, "John Doe", as he is identified in plaintiffs' complaint, who received medical services from the plaintiff Miriam Hospital (hereinafter "TMH"). John Doe received medical services at TMH from November 13, 2003 through November 27, 2003. The plaintiffs have alleged that his medical care totaled $598,057.80. TMH initiated contact with the Iron Workers Fund by mailing the alleged medical bills incurred by "John Doe" to HCVM. Iron Clad, Iron

Workers Fund's in-house claims administrator, received the bill from HCVM. The bill received by Iron Clad was in the amount of $598,057.80 and was not an itemized bill; it was just a printout of the screen on the patient's account. Iron Clad sent this bill to its vendor for an audit.

On March 1, 2004, Iron Clad made payment to the plaintiffs in the amount of $36,279.43 for the room and board charges, as well as ancillary charges (with the exception of Pharmacy and Blood Storage). This left a balance of $883.67, with the preferred provider organization ("PPO") discount, on these charges and a pending charge of $411,380.25 for which Iron Clad requested an itemized bill. After some time, Iron Clad received an itemized bill from the plaintiffs. After reviewing the itemized bill, Iron Clad found some discrepancies and requested the medical records from the plaintiffs to support the charges on the bill.

In May 2004, Anne Fini, Director of Claims at Iron Clad, received a request for immediate payment from Judy Randall, a representative of the plaintiffs. Ms. Fini explained to Ms. Randall that she needed the medical records in order to review the bill. In settlement of this issue, Iron Clad agreed to pay $200,000.00 to the plaintiffs in return for the release of the medical records.

The plaintiffs forwarded the medical records and the itemized bill to Iron Clad. However, these records were incomplete in as much as they failed to document the number of units or the quantitative amounts for the specific drug treatments. Without this unit detail, it was impossible for Iron Clad to determine what was being charged for each of the two drug treatments.

At this time, Susan Oakes, the Director of Iron Clad's vendor's medical review department, began her numerous attempts to determine the unit pricing information. However, she was unable to find out that information through her contacts within the TMH. In order to try an alleviate this problem, James Langan, counsel for Iron Workers Fund, sent Ms. Randall a letter on August 26, 2004 documenting that the Iron Workers Fund could not make any other payments until the medical records that were agreed upon were received.

On or about October 12, 2004, Judy Randall sent a letter to Iron Workers Fund's counsel. This letter was the first correspondence from the plaintiffs since the summer of 2004 and did not include the medical information that was promised. In response to that letter, Iron Worker Fund's counsel responded by sending a letter to the plaintiffs once again stating that Iron Workers Fund would not make any further payments until it received the following information: "the actual product name for Factor VIII and for Gammagard, along with their respective NDC #'s and a complete blood bank record showing the substance administered with its dosages on each respective day."

Almost three months later, Iron Workers Fund received a response to its November 24, 2004 letter containing the requested information. The information provided by the plaintiffs proved exactly what Iron Workers Fund had anticipated. The plaintiffs charged approximately 300% over the reasonable and customary fee for one medication and 3,345% over the reasonable and customary fee for the second medication. Therefore, the defendant has refused to pay the alleged remaining balance and has filed a counterclaim against the plaintiffs based on the theories of quantum meruit and unjust enrichment.

**INTERROGATORIES**

Within their motion, the plaintiffs have moved to compel further answers to interrogatories 7-8, 10 and 14.

First, the plaintiffs have asked for a further response to interrogatory number 7 Interrogatory 7 stated and the defendant responded to the interrogatory 7 as follows: the following:

7. State in detail the factual basis for the refusal to pay fully for services rendered to John Doe at TMH from November 13, 2003 to November 27, 2003 as set forth in the Complaint.

**ANSWER**: The defendant states that it had paid the plaintiffs in full on the hospital charges of John Doe. The Iron Worker Fund paid in accordance with John Doe's plan of benefits which include the applicable deductibles. The Iron Worker Fund paid for each item either on the discount amount or more than the usual and customary charge for such item.

The answer provided by the defendant was responsive to the interrogatory. The defendant has stated in several answers to interrogatories and in its defense to the plaintiffs' complaint, that there was not a contractual agreement between the parties. Therefore, absent a contractual agreement as to what the charges should have been, the defendant has paid what the usual and customary charges would have been for the services rendered to John Doe. With this motion to compel, the plaintiffs are attempting to discover our work product, i.e. our calculations that have been prepared in anticipation of litigation; this is an abuse of discovery and should not be allowed.

In an effort to resolve this issue, the defendant's expert is drafting a report concerning what the usual and customary charges are and this report will be forwarded to the plaintiffs upon its completion.

Second, the plaintiffs have asked for a further response to interrogatory number 8. Interrogatory 8 stated and the defendant responded to the interrogatory 8 as follows: the following:

8. Please state in detail any and all portions of the agreement between Healthcare Value Management, Inc., (HCVM) and Iron Workers that you rely upon in refusing to pay fully for services rendered to John Doe at TMH from November 13, 2003 to November 27, 2003.

**ANSWER**: The Iron Worker Fund states that it paid the plaintiffs in full on the hospital charges for John Doe. There is no written contract between HCVM and the Iron Worker Fund.

The answer provided by the defendant was responsive to the interrogatory. The interrogatory seeks any and all portions of the agreement between HCVM and Iron Workers. The defendants have always stated that there is no written contract between the parties; and therefore, its response stating that there is no written contract between HCVM and Iron Workers is responsive to this interrogatory.

Third, the plaintiffs have asked for a further response to interrogatory number 10. Interrogatory 10 stated and the defendant responded to the interrogatory 10 as follows: the following:

10. Describe in detail any and all agreements in effect between HCVM, Iron Workers and/or Iron Clad with respect to payment for services rendered to its members by PSO and/or TMH.

**ANSWER**: There is no written contract between HCVM and the Iron Worker Fund. Hospital Claims for participants in the Iron Workers Plan are mailed directly to HCVM. HCVM reprices the bill with the discounted rate. HCVM mails that claim with the discounted rate to Iron Clad. In return, the Iron Worker Fund paid a flat fee each month to HCVM based on the number of participants covered in the plan. Iron Clad processes

the claim according to the member's plan of benefits. As part of the claims processing procedure, the repriced amount is only one element in determining payment amounts.

The answer provided by the defendant was responsive to the interrogatory. However, in an effort to resolve this issue, the defendant will provide a more expansive answer with respect to the claims processing procedure. The defendant asks for twenty (20) days to supplement its response.

Last, the plaintiffs have asked for a further response to interrogatory number 14. Interrogatory 14 stated and the defendant responded to the interrogatory 14 as follows: the following:

14. Please state in detail any and all reasons Iron Workers and/or Iron Clad refused to fully pay for services rendered to John Doe at TMH.

**ANSWER**: The defendant states that it had paid the plaintiffs in full on the hospital charges for John Doe. The Iron Worker Fund paid in accordance with John Doe's plan of benefits which include applicable deductibles. The Iron Worker Fund paid for each item either on the discount amount or more than the usual and customary charge for such item.

The answer provide by the defendant was the same answer that the defendant provided in response to interrogatory 7, above. The answer provided by the defendant was responsive to the interrogatory. The defendant has stated in several answers to interrogatories and in its defense to the plaintiffs' complaint, that there was not a contractual agreement between the parties. Therefore, absent a contractual agreement as to what the charges should have been, the defendant has paid what the usual and customary charges would have been for the services rendered to John Doe. With this motion to compel, the plaintiffs are attempting to discover our work product, i.e. our calculations that have been prepared in anticipation of litigation; this is an abuse of discovery and should not be allowed.

In an effort to resolve this issue, the defendant's expert is drafting a report concerning what the usual and customary charges are and this report will be forwarded to the plaintiffs upon its completion.

For the following reasons, the defendant respectfully requests that this Court deny in part the plaintiffs' motion to compel and grant an additional twenty (20) days to respond to interrogatory number 10.

Defendant, Iron Workers District
Council of New England Welfare Funds
By its attorneys,

Michael J. Lepizzera, Jr., #4995
Christian C. Potter, #5359
Lepizzera and Laprocina
301 Metro Center Blvd., #102
Warwick, Rhode Island 02886
(401) 739-7397
(401) 384-6950

**CERTIFICATION**

I certify that on this 23rd day of May, 2006 a true and accurate copy of the within was mailed to:

Linn Foster Freedman, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, Rhode Island 02903

Matthew T. Oliverio, Esquire
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903